UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JENNIFER L. SMITH on behalf of herself and others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> ROYAL BAHAMAS CRUISE LINE <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. 1:14-cv-3462 |

**CLASS ACTION COMPLAINT**

Plaintiff Jennifer L. Smith (hereinafter referred to as "Plaintiff" or "Ms. Smith") individually and on behalf of all others similarly situated alleges on personal knowledge investigation of her counsel, and on information and belief as follows:

Preliminary Statement

1. Plaintiff brings this action to enforce the consumer-privacy provisions of the Telephone Consumer Protection Act ("TCPA"), a federal statute enacted in 1991 in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *Mims v. Arrow Financial Services, LLC,* 132 S.Ct. 740, 745 (2012). Plaintiff also brings claims pursuant to the Illinois Automatic Telephone Dialer Act, 815 ILCS 305/1 *et seq.* ("ATDA")

2. In violation of the TCPA and the ATDA, the Defendant Royal Bahamas Cruise Line ("Defendant") (a) placed a computer-dialed pre-recorded telemarketing call to Ms. Smith's cellular telephone, and (b) placed telemarketing calls to a number Ms. Smith had registered on the national Do Not Call Registry.

1

3. Because the calls were transmitted using technology capable of generating hundreds of thousands of telemarketing calls per day, and because telemarketing campaigns generally place calls to hundreds of thousands or even millions of potential customers *en masse*, Ms. Smith brings this action on behalf of a proposed nationwide class of other persons who received illegal telemarketing calls from these Defendants.

## Jurisdiction and Venue

4. This Court has subject matter jurisdiction over the claims in this case under 28 U.S.C. § 1331 because this action arises out of a violation of federal law. *See* 47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012). There is supplemental jurisdiction over the state law claims.

5. Venue is appropriate in this district pursuant to 28 U.S.C. 1391(b), as a substantial part of the events that give rise to this action occurred in this district, where the Plaintiff resides.

## Parties

6. Plaintiff Jennifer L. Smith is an individual residing in this district.

7. Plaintiff alleges that the Defendant Royal Bahamas Cruise Line is a resident of the state of Florida, with a principal place of business at 1642 W. Airport Blvd., in Sanford, Florida.

## Legal Basis of the Claims

8. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

9. Through the TCPA, Congress outlawed telemarketing via unsolicited automated or pre-recorded telephone calls ("robocalls"), finding:

> [T]elephone subscribers consider automated or prerecorded telephone calls, regardless of the content or the initiator of the message, to be a nuisance and an invasion of privacy.
>
> . . . .
>
> Banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call[,] . . . is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* § 2(10) and (12); *see also Mims*, 132 S. Ct. at 745.

### *The TCPA prohibits telemarketing calls to numbers listed on the Do Not Call Registry, unless the caller has the recipient's signed, written consent*

10. The national Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2). A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

11. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to telephone subscribers to the Registry. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2).

12. A person whose number is on the Registry, and who has received more than one telephone call within any twelve-month period by or on behalf of the same entity in violation of the TCPA, can sue the violator and seek statutory damages. 47 U.S.C. § 227(c)(5).

13. The regulations exempt from liability a caller who has obtained the subscriber's signed, written agreement to receive telephone solicitations from the caller. *See* 47 C.F.R. §

3

64.1200(c)(2)(ii). That agreement must also include the telephone number to which the calls may be placed. *Id.*

### *The TCPA bans autodialer calls to cell phones*

14. The TCPA's most stringent restrictions pertain to computer-generated telemarketing calls placed to cell phones.

15. The TCPA categorically bans persons and entities from initiating telephone calls using an automated telephone dialing system (or "autodialer") to any telephone number assigned to a cellular telephone service. *See* 47 C.F.R. § 64.1200(a)(1)(iii); *see also* 47 U.S.C. § 227(b)(1).

### Factual Allegations

16. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39). Plaintiff's cellular telephone number is on the National Do Not Call Registry.

17. The Defendant is, and at all times mentioned herein were, corporations and a "person" as defined by 47 U.S.C. § 153(39).

18. On March 24, 2014, the Plaintiff received a telephone call to her cellular telephone.

19. The phone call began with silence and an electronic sound, and then after a pause a pre-recorded message, and a series of prompts that ended with the Plaintiff being informed that she would receive two free boarding passes and that she should "press 1" to speak to a travel coordinator.

20. The use of the pre-recorded message and the pause before the call was connected indicates that the call was placed through an automatic telephone dialing system.

21. The Plaintiff did not "press 1" in response to the pre-recorded prompt and instead hung up the phone.

22. Before the pre-recorded offer for two free boarding passes, the Plaintiff was played a series of pre-recorded survey questions.

23. The Federal Communications Commission, anticipating the tactic of a commercial solicitation hidden behind the guise of a survey call, long ago recognized that "a call encouraging a purchase, rental or investment" would still be subject to the TCPA even if it purports to be a "poll" or "survey." *See In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Report and Order, 18 FCC Rcd. 14014, at fn 41, 2003 WL 21517853 (2003).

24. The FCC has similarly long recognized that in determining whether a particular telemarketing call constitutes an "advertisement" or a "telephone solicitation" subject to the TCPA, the key determining factor is not the "caller's characterization of the call" but, instead turns on "the purpose of the message." *See Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C.R. 14014, 14098 at para. 141 (July 3, 2003).

25. The true purpose of the pre-recorded message was revealed to the Plaintiff at the end of the call when she was informed that she would receive two free boarding passes and that she should "press 1" to speak to a travel coordinator.

26. Despite not pressing 1 to speak with a travel coordinator, Plaintiff received a second call from the Defendant.

27. Before the call connected, there was a brief pause before someone who identified themselves as "Brenda" appeared on the line.

28. The pause before the call was connected indicates that the call was placed through an automatic telephone dialing system.

29. "Brenda" informed the Plaintiff that she was with Royal Bahamas Cruise Line and was calling to make sure that the Plaintiff had received her free tickets after receiving the prior pre-recorded message.

30. The calls to plaintiff and the class were made for purposes of marketing goods and services. References to "free tickets" and a survey during these calls were part of a ruse to masquerade the calls as something other than marketing.

31. The calls were placed to the Plaintiff's cellular telephone.

32. Plaintiff has received several more calls, including one on April 22, 2014.

33. All calls were placed without the Plaintiff's prior express consent.

34. The Plaintiff has never had any relationship with the Defendant, or provided them her cellular telephone for any purpose.

35. Defendant does not have sufficient procedures in place to avoid the violations alleged herein.

## Class Action Allegations

36. As authorized by Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of a class of all other persons or entities similarly situated throughout the United States.

37. The class of persons Plaintiff proposes to represent with respect to Count I is tentatively defined, subject to modification after discovery and case development:

> All persons within the United States whose phone numbers were registered on the Do Not Call Registry, and who, within the four years before the filing of the initial Complaint, received more than one telemarketing call within any twelve-month period from, or on behalf of, Defendant.

38. The class of persons Plaintiff proposes to represent with respect to Count II is tentatively defined, subject to modification after discovery and case development:

> All persons within the United States whom Defendant, directly or through their agents, called on a cellular telephone line by the use of a message that had been recorded ahead of time, where the purpose of the call included promoting the Defendant's goods or services.

39. The class of persons Plaintiff proposes to represent with respect to Count III is tentatively defined, subject to modification after discovery and case development:

> All Illinois residents whom Defendant, directly or through its agents, called on a cellular telephone line using a message that had been recorded ahead of time promoting the Defendant's goods or services.

Collectively, all these persons will be referred to as "Class members."

40. Excluded from the Class are the Defendants, and any entities in which the Defendants have a controlling interest, the Defendants' agents and employees, any Judge to whom this action is assigned and any member of such Judge's staff and immediate family, and claims for personal injury, wrongful death and/or emotional distress.

41. Class members are identifiable through phone records and phone number databases.

42. The potential class members number at least in the thousands. Individual joinder of these persons is impracticable.

43. Plaintiff is a member of the class.

44. The Plaintiff and the class have all been harmed by the actions of the Defendant.

45. This Class Action Complaint seeks injunctive relief and monetary damages.

46. There are questions of law and fact common to Plaintiff and to the proposed class, including but not limited to the following:

7

        a.        Whether the Defendant violated the TCPA by advertising via unsolicited prerecorded telemarketing calls;

        b.        Whether the Defendants can meet their burden of proof with respect to statutory defenses for the telemarketing calls;

        c.        Whether the Defendants conduct was knowing and/or willful;

        d.        Whether the Plaintiff and the class members are entitled to statutory damages as a result of Defendants' actions;

        e.        Whether Defendant should be enjoined from engaging in such conduct in the future.

47.     Plaintiff is an adequate representative of the class because her interests do not conflict with class member interests, she will fairly and adequately protect class member interests, and she is represented by counsel skilled and experienced in class actions, including TCPA class actions.

48.     Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendants and their agents.

49.     The likelihood that individual class members will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

50.     The interest of the Class members in individually pursuing claims against the Defendant is slight because the statutory damages for an individual action are relatively small, and are therefore not likely to deter the Defendants from engaging in the same behavior in the future.

51. Defendant has acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class as a whole appropriate.

52. The Plaintiff has retained counsel experienced in handling class action claims involving violations of federal consumer protection statutes, including claims under the TCPA.

53. Plaintiff is unaware of litigation concerning this controversy already commenced by others who meet the proposed class definition.

## CAUSES OF ACTION

### FIRST COUNT

### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227(c) *ET SEQ*.

54. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

55. The Defendant violated the TCPA by (a) initiating telephone solicitations to persons and entities whose telephone numbers were listed on the Do Not Call Registry, or (b) by the fact that others made those calls on its behalf. *See* 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2).

56. The foregoing acts and omissions of the Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

57. As a result of the Defendants' knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiffs and each member of the Class is entitled to treble damages of up to $1,500 for each and every call in violation of the statute.

58. Plaintiff and all Class members are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by the Defendants in the future.

## SECOND COUNT

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227(b) *ET SEQ.*

59. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

60. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the TCPA, including but not limited to each of the above cited provisions of 47 U.S.C. § 227 *et seq.*

61. Defendant violated the TCPA by (a) initiating a telephone call using an automated dialing system or prerecorded voice to Plaintiff's telephone numbers assigned to a cellular telephone service, or (b) by the fact that others caused the initiation of those calls on its behalf. *See* 47 C.F.R. 64.1200(a)(1)(iii); 47 U.S.C. § 227(b)(1).

62. As a result of the Defendants' violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and Class members are entitled to an award of $500 in statutory damages for each and every call in violation of the statute.

63. Plaintiff and Class members are also entitled to and do seek injunctive relief prohibiting the Defendants' violation of the TCPA in the future.

## THIRD COUNT

## VIOLATIONS OF THE ILLINOIS AUTOMATIC DIALER ACT

64. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

65. It is a violation of the Illinois Automatic Telephone Dialers Act, 815 ILCS 305/1 *et seq.* ("ATDA") to make calls using an "autodialer" to call Illinois residents for marketing purposes, unless the caller has the consent of the recipient. 815 ILCS 305/30(b).

66. According to the ATDA, 815 ILCS 305/5(a), an autodialer is defined as follows:

"Autodialer" or "Autodialer System" means any telephone dialing or accessing device, machine, computer or system capable of storing telephone numbers which is programmed to sequentially or randomly access the stored telephone numbers in order to automatically connect a telephone with a recorded message, the term does not include any device associated with a burglar alarm system, voice message system or fire alarm system.

67. Defendant, or some person authorized to do so on its behalf, to call plaintiff's cellular telephone using an autodialer as that term is defined above. These calls were made for purposes of marketing defendant's products and/or services.

68. It is a violation of the ATDA to alter caller ID in order to prevent call recipients from seeing the solicitor's true telephone number. 815 ILCS 305/15(d). Upon information and belief, the caller ID for the calls to Plaintiff and the class was "spoofed" to appear to come from a local exchange, when the calls actually originated from someplace else, in order to conceal the telemarketer's identity and trick consumers into answering calls they might not otherwise answer.

69. Plaintiff and the class did not consent to these calls, and have never had any relationship with defendant.

70. The ATDA requires that telemarketers making prerecorded message calls into Illinois maintain a list of all telephone numbers called, as well as records sufficient to document any exemption claimed under the ADTA, such as consent.

71. Upon information and belief, defendant kept records of the phone numbers it called, and phone numbers that were called on its behalf, for marketing purposes and kept track

11

of any exemptions it may be entitled to. Alternatively, if Defendant did not keep track of such information this would constitute a violation of the ADTA and possibly result in wrongful spoliation of information. Discovery will reveal facts on this point.

72. Defendant violated the ATDA as to Plaintiff and the class, and Plaintiff and the class are entitled to have their rights, status and legal relations under the ATDA relating to defendant's telemarketing calls.

73. As a result of the Defendants' violations of the ATDA, Plaintiff and Class members are entitled to an award of $500 in statutory damages for each and every call in violation of the statute.

74. Plaintiff and Class members are also entitled to and do seek injunctive relief prohibiting the Defendants' violation of the ATDA in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiffs and all Class members the following relief against the Defendants:

A. Injunctive relief prohibiting such violations of the TCPA and ATDA by the Defendants in the future;

B. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff seeks for herself and each Class member $500 in statutory damages for each and every call that violated the TCPA;

C. As a result of the Defendant's willful and/or knowing violations of 47 U.S.C. § 227, Plaintiff seeks for herself and each Class member treble damages, as provided by statute, of up to $1,500 for each and every call that violated the TCPA;

D. As a result of the Defendant's violations of the ATDA, $500 for each and every violation to plaintiff and each Class member pursuant to 815 ILCS 305/30(c-5);

E.	An award of attorneys' fees and costs to counsel for Plaintiff and the Class as part of a common fund or similar methodology, and/or pursuant to the ATDA to be paid by the Defendant;

F.	An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class and any Subclasses the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class;

G.	Such other relief as the Court deems just and proper.


Respectfully submitted,

/s/ Alexander H. Burke
Alexander H. Burke
Burke Law Offices, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
Phone: (312) 729-5288
aburke@burkelawllc.com

Matthew P. McCue
The Law Office of Matthew P. McCue
1 South Ave., Third Floor
Natick, MA 01760
(508) 655-1415
mmccue@massattorneys.net
*Subject to Pro Hac Vice*

Edward A. Broderick
Broderick Law, P.C.
125 Summer St., Suite 1030
Boston, MA 02110
(617) 738-7080
(617) 314-7783 *facsimile*
ted@broderick-law.com
*Subject to Pro Hac Vice*

## **JURY DEMAND**

Plaintiff requests a trial by jury.

/s/Alexander H. Burke

## **DOCUMENT PRESERVATION DEMAND**

Plaintiff hereby demands that the defendant take affirmative steps to preserve all recordings, data, emails, recordings, phone records, dialer records, documents and all other tangible things that relate to the allegations herein, plaintiff or the putative class members, or the making of telephone calls, the events described herein, any third party associated with any telephone call, campaign, telemarketing, account, sale or file associated with plaintiff or the putative class members, and any account or number or symbol relating to any of them. These materials are very likely relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

/s/Alexander H. Burke