IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JENNIFER L. SMITH on behalf of herself and others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 14-cv-03462 |
| v. | ) ) ) | Judge Andrea R. Wood |
| ROYAL BAHAMAS CRUISE LINE | ) ) | Magistrate Judge Geraldine Soat Brown |
| Defendant. | ) ) | |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT LIMITED DISCOVERY**

Defendant Royal Bahama Cruise Line ("RBCL"), by its attorney, LAW FIRM OF DAVID G. SIGALE, P.C., respectfully submits the following in opposition to Plaintiff Jennifer L. Smith's Motion for Leave to Conduct Limited Immediate Discovery to Ensure Preservation of Data (hereafter, the "Discovery Motion"):

1. Plaintiff has served a Complaint on RBCL that: 1) alleges that RBCL made a "pre-recorded call" to Plaintiff in violation of the Telephone Consumer Protection Act and the Illinois Automatic Dialer Act; 2) alleges that RBCL made one or possibly more "live" call(s) (*i.e.*, featuring a live person and not a recording or recordings) to Plaintiff in violation of the Telephone Consumer Protection Act; and 3) asks this Court to certify this matter as a class action with Plaintiff representing the class.

2. RBCL is a Florida corporation, and its entire business is housed in one location in Sanford, Florida. RBCL did not have, nor did it have any reason to have, counsel located in the Northern District of Illinois. RBCL took immediate and reasonable action to identify outside counsel to assist it in defending against Plaintiff's complaint. RCBL contacted two attorneys

with expertise in telemarketing issues, the second of whom (Joseph W. Sanscrainte) agreed to assist RBCL with regard to defending against the Complaint.

3. RBCL has not answered and/or otherwise pled in response to Plaintiff's Complaint.

4. RBCL has a motion pending before this Court requesting an extension of time within which to answer and/or otherwise plead in response to Plaintiff's Complaint.

5. Plaintiff's Discovery Motion is premature since RBCL has not answered and/or otherwise pled in response to Plaintiff's Complaint. Specifically, RBCL has not had an opportunity to answer the Complaint, to file a dispositive motion with regard to the Complaint, nor has it had an opportunity to file a motion to bifurcate discovery between Ms. Smith's claims and the claims of the putative class. In other words, Plaintiff seeks to initiate early discovery aimed at identifying information pertinent only to the class action element of this action prior to giving RBCL an opportunity to provide any information whatsoever to this Court as to whether the class representative's claim has any merit whatsoever.

6. With regard to the substance of Plaintiff's arguments in the Discovery Motion, Plaintiff asserts that "many of the major telecommunications providers will only retain call record information for 12-18 months." RBCL submits that Plaintiff's Exhibit 1 speaks for itself, *i.e.*, based on information available as of August 2010, six large cellular service providers have differing retention periods for call detail records – some greater than two years, some less.

7. In order to grant Plaintiff's request for early discovery, this Court must take into account the specific allegations made by Plaintiff in her Complaint and in the Discovery Motion. <u>Notably missing from Plaintiff's Complaint and Discovery Motion, however, are the specific allegations necessary to support the relief sought</u>. Specifically, Plaintiff fails to allege that RBCL makes use of a cellular telephone service provider that only maintains call detail records for 12–18 months (as opposed to a longer period); Plaintiff fails to allege that RBCL made calls at any time prior to March 24, 2014 (the date Plaintiff allegedly received the first call referenced in the Complaint); and Plaintiff fails to even allege that RBCL has been in existence long enough to make any of the shorter carrier retention periods relevant. Accordingly, Plaintiff's Discovery Motion should be denied since it fails to assert a factual basis sufficient to support it.

8. Plaintiff states further that "The burden on the Defendant will be minimal, and would be limited to identifying any third party vendors involved in telemarketing that is the subject of the case." RBCL submits that the mere filing of a class action lawsuit should never be a pretext to force a party to divulge information it is not under any obligation to divulge, especially before the defendant in the action has even been provided a reasonably opportunity to answer and/or otherwise plead in response to the lawsuit.

9. Finally, Plaintiff greatly mischaracterizes the exchange between Plaintiff's counsel Alexander Burke and Mr. Sanscrainte. Specifically, it was <u>Mr. Sanscrainte</u> who first contacted Mr. Burke via email to request an additional amount of time within which to answer the Complaint. (See Email Exchange dated June 3, 2014, attached hereto as Exhibit A.) Rather than grant this simple request, Mr. Burke sought a "compromise" whereby Plaintiff would be able to obtain early discovery, and Mr. Sanscrainte would be able to extend the time-frame for RBCL to reply. Mr. Sanscrainte opted to seek this Court's permission for an extension, as

opposed to agreeing to Mr. Burke's heavy-handed "compromise."

WHEREFORE, RBCL respectfully requests that this Court deny Plaintiff's Motion for Leave to Conduct Limited Immediate Discovery to Ensure Preservation of Data.

                                              Respectfully submitted,

                                              ROYAL BAHAMA CRUISE LINE

                                              /s/ David G. Sigale
                                              Attorney for Defendant

| | |
|---|---|
| Joseph W. Sanscrainte, Esq. | David G. Sigale, Esq. (#6238103) |
| LAW OFFICE OF JOSEPH W. SANSCRAINTE | LAW FIRM OF DAVID G. SIGALE, P.C. |
| 1120 Avenue of the Americas, Suite 4188 | 739 Roosevelt Road, Suite 304 |
| New York, NY 10036 | Glen Ellyn, IL 60137 |
| (212) 626-6934 | 630.452.4547 |
| jws@sanscrainte.com | dsigale@sigalelaw.com |
| *Pro Vac Vice* Application pending | L.R. 83.15 Local Counsel |

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney of record for the Defendant, hereby certifies that on June 17, 2014, he served a copy of the above document, and this certificate of service, by electronic means pursuant to Electronic Case Filing (ECF).

                                                  /s/ David G. Sigale
                                                  David G. Sigale