IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JENNIFER L. SMITH, on behalf of herself and others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| | ) | No. 14-cv-03462 |
| v. | ) ) | Judge Andrea R. Wood |
| ROYAL BAHAMAS CRUISE LINE, | ) ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Jennifer L. Smith has brought this putative class action against Defendant Royal Bahamas Cruise Line ("Royal Bahamas") pursuant to the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. 227, and the Illinois Automatic Telephone Dialer Act ("ATDA"), 815 ILCS 305. Before the Court is Royal Bahamas's Motion to Dismiss the Complaint (the "Motion") (Dkt. No. 16). For the reasons explained below, the Motion is denied.

## **BACKGROUND**

As alleged in the Complaint,[1] Smith received several automated calls to her cellular phone from Royal Bahamas. (Compl. ¶¶ 18, 26, 32, Dkt. No. 1.) On March 24, 2011, for example, Smith received a call that began with silence and an electronic sound, followed by a pause and a pre-recorded message with a series of prompts relating to a supposed survey, and ended with Smith being informed that she would receive two free boarding passes and could speak to a travel coordinator by pressing "1." (*Id*. ¶¶ 18, 22.)

---

[1] For the purposes of deciding the Motion, the Court accepts the allegations of the Complaint as true and draws all permissible inferences in Smith's favor. *See, e.g.*, *Active Disposal, Inc. v. City of Darien*, 635 F.3d 883, 886 (7th Cir. 2011).

Smith hung up without pressing "1." (*Id*. ¶ 21.) Even so, Royal Bahamas contacted Smith again. The next time, the call began with a pause followed by someone who identified herself as "Brenda" coming on the line and claiming to be calling to ensure that Smith received her free tickets. (*Id*. ¶¶ 26-27, 29.) After that, Smith received several more calls from Royal Bahamas, including one on April 22, 2104. (*Id*. ¶ 132.)

Royal Bahamas's calls to Smith were placed through an automatic telephone dialing system ("ATDS"). (*Id*. ¶¶ 20, 28.) The caller ID information for the calls was "spoofed" to appear to come from a local exchange to conceal the telemarketer's identity and trick consumers into answering calls they might not otherwise answer. (*Id.* ¶ 68.) Although the calls included references to "free tickets" and a survey, in actuality the calls were made to market goods and services. (*Id*. ¶ 30.) The calls were made despite the fact that Smith's cellular telephone number was on the National Do Not Call Registry, which grants subscribers such as Smith protection from telephone solicitations under the TCPA. (*Id.* ¶¶ 11, 16.) Smith did not provide prior express consent for Royal Bahamas's calls and has never had any relationship with Royal Bahamas or provided it with her cellular number. (*Id*. ¶¶ 33-34.)

Based on this alleged conduct, Smith has filed a three-count Complaint alleging violations of the TCPA and the ATDA.

## DISCUSSION

Royal Bahamas has moved to dismiss the Complaint on three grounds: (1) lack of personal jurisdiction; (2) failure to state a claim under Federal Rule of Civil Procedure 12(b)(6); and (3) insufficient argument in support of class certification under Federal Rule of Civil Procedure 23. As an initial matter, the Court finds that Royal Bahamas's

motion challenging the request for class certification is premature and thus will not address it at this time. Smith has plausibly alleged the necessary elements to maintain a class action under Federal Rule of Civil Procedure 23. *See, e.g.*, *Birchmeier v. Caribbean Cruise Line, Inc.*, No. 12 C 4069, 2012 WL 7062748, at *2 (N.D. Ill. Dec. 31, 2012) ("[T]he Court declines defendants' request to strike plaintiffs' class action allegations. Plaintiffs have alleged the necessary elements under Rule 23, and they have done so plausibly. Determination of whether plaintiffs actually can establish the basis for class certification is premature."). That is all that is required at this stage in the litigation. The Court now turns to Royal Bahamas's remaining arguments.

## I. Lack of Personal Jurisdiction

When a defendant files a motion to dismiss for lack of personal jurisdiction, the plaintiff has the burden of demonstrating that the court's exercise of personal jurisdiction is in fact proper. *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1276 (7th Cir. 1997). Nonetheless, "[t]he allegations in [the] complaint are to be taken as true unless controverted by the defendant['s] affidavits; and any conflicts in the affidavits are to be resolved in [the plaintiff's] favor." *Turnock v. Cope*, 816 F.2d 332, 333 (7th Cir. 1987). "A district court sitting in diversity has personal jurisdiction over a nonresident defendant only if a court of the state in which it sits would have jurisdiction." *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 779 (7th Cir. 2003). Determining whether personal jurisdiction exists "requires a two-part inquiry: (1) whether the state statute allows jurisdiction, and (2) whether the assertion of jurisdiction complies with constitutional due process standards." *Wilson v. Humphreys (Cayman) Ltd.*, 916 F.2d 1239, 1243 (7th Cir. 1990).

As to the first requirement, the Illinois long-arm statue provides that a person is subject to the jurisdiction of Illinois courts for any cause of action arising from the commission of a tortious act within the state. 735 Ill. Comp. Stat. 5/2-209(a). "For purposes of the Illinois long-arm statute, the Illinois courts construe the phrase 'tortious act' broadly to encompass any act that involves a breach of a duty owed to another and makes the person committing the act liable to the other for damages." *Czarnowski Display Servs., Inc. v. Bell*, No. 03 C 5782, 2004 WL 1613553, at *3 (N.D. Ill. July 19, 2004). Here, the facts alleged are sufficient to give Illinois courts (and thus this Court) personal jurisdiction over Royal Bahamas, as the alleged violations of the TCPA and ATDA are tortious acts.

With respect to the second requirement, due process requires that a nonresident defendant have "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer,* 311 U.S. 457, 463 (1940)). Specific jurisdiction may be exercised over a defendant in a suit "arising out of or related to the defendant's contacts with the forum." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984). In determining whether specific personal jurisdiction exists, a court must engage in a three-step inquiry: "(1) identify the contacts the defendant has with the forum; (2) analyze whether these contacts meet constitutional minimums and whether exercising jurisdiction on the basis of these minimum contacts sufficiently comports with fairness and justice; [and] (3) determine whether the sufficient minimum contacts, if any, arise out of or are related to

the causes of action involved in the suit." *GCIU-Employer Ret. Fund v. Goldfarb Corp.*, 565 F.3d 1018, 1023 (7th Cir. 2009).

Here, Smith has alleged that Royal Bahamas made multiple calls to her, a resident of Illinois, and that the calls were made without her consent for marketing purposes. (Compl. ¶¶ 18, 26, 30, 32-34, Dkt. No. 1.) Although Royal Bahamas argues that Smith only received one call as a "mistake" (Def. Mot. at 8, Dkt. No. 16), that is not what the Complaint alleges. Furthermore, Royal Bahamas seems to admit that it "purposefully directed its activities at the forum state." (*Id.*) Thus, Royal Bahamas has sufficient minimum contacts with Illinois that arise out of the causes of action alleged in this suit.

Accordingly, Royal Bahamas's motion to dismiss for lack of personal jurisdiction is denied.

## II. Failure to State a Claim

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). To survive a Rule 12(b)(6) motion, a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). While a complaint need not include detailed factual allegations, there "must be enough to raise a right to relief above the speculative level." *Id.* at 555. The plaintiffs must "'plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 885 (7th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* In addition,

5

"although the complaint's factual allegations are accepted as true at the pleading stage, allegations in the form of legal conclusions are insufficient to survive a Rule 12(b)(6) motion." *Id.*

In this case, Smith asserts a claim under the TCPA. That statute provides that:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service. . . .

47 U.S.C. § 227(b)(1). The TCPA also creates a private right of action for "[a] person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection." 47 U.S.C. § 227(c)(5). However,

> [i]t shall be an affirmative defense in any action brought under this paragraph that the defendant has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under this subsection.

*Id.* Furthermore, 47 U.S.C. § 227(c) provides that a rulemaking shall be initiated concerning protecting residential telephone subscribers' privacy rights. The specific rule that Smith claims was violated is 47 C.F.R. § 64.1200(c)(2), which provides:

> No person or entity shall initiate any telephone solicitation to . . . [a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. Such do-not-call registrations must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator.

In addition to her TCPA claim, Smith also seeks to hold Royal Bahamas liable under the ATDA, which provides that, "[i]t is a violation of this Act to play a prerecorded

message placed by an autodialer without the consent of the called party," and "[a]n autodialer may not be operated in a manner that impedes the function of any caller ID when the telephone solicitor's service or equipment is capable of allowing the display of the solicitor's telephone number." 815 ILCS 305/30(b), 305/15(d). A "recorded message" consists of "any taped communication soliciting the sale of goods or services without live voice interaction." 815 ILCS 305/5(c).

In support of the Motion, Royal Bahamas argues that "in order for [it] to respond to any claim alleging violations of state and/or federal telephonic solicitation laws, it is necessary for [it] to know [Smith's] telephone number." (Def. Mot. at 10, Dkt. No. 16 (emphasis omitted).) Because Smith did not include her telephone number in her complaint, Royal Bahamas argues, her claims should be dismissed.

But while there is some disagreement among district courts with respect to whether a plaintiff in an action such as this must provide her phone number in the complaint, the prevailing weight of authority holds that doing so is not necessary to provide adequate notice to the defendant at the pleading stage. *See Ott v. Mortgage Investors Corp. of Ohio*, 65 F. Supp. 3d 1046, 1059-60 (D. Or. 2014), *motion to certify appeal denied sub nom. Ott v. Mortgage Investors Corp.*, No. 3:14-CV-00645-ST, 2015 WL 1648702 (D. Or. Apr. 14, 2015) (collecting cases and criticizing the case cited by Royal Bahamas, *Strand v. Corinthian Colleges, Inc.,* No. 1:13–cv–1235, 2014 WL 1515494 (W.D. Mich. Apr. 17, 2014)). This Court shares the majority view. Royal Bahamas should know if it ever made the types of calls that Smith alleges it did—if it has not, Royal Bahamas can simply deny the allegations. If there are any issues regarding

Smith's phone number in particular, those can be addressed through discovery. *Id*. at 1060. The Court will not find Smith's pleading deficient on this basis.

Furthermore, although Royal Bahamas takes issue with the exact language of Smith's allegations (*see, e.g.*, Def. Mot. at 3-6, Dkt. No 16), reading the Complaint as a whole rather than parsing isolated fragments (as Royal Bahamas would have this Court do) makes clear that Royal Bahamas has been put on notice that Smith alleges Royal Bahamas called her in violation of the TCPA and ATDA.[2] *See Engel v. Buchan*, 710 F.3d 698, 710 (7th Cir. 2013) (finding that the plaintiff stated a plausible claim when "reading the allegations sensibly and as a whole," despite the defendant's argument that the complaint lacked specificity). Specifically, among other things, Smith alleges that, although her cellular telephone number was on the National Do Not Call Registry, she received several automated calls to her cellular phone from Royal Bahamas for marketing purposes (Compl. ¶¶ 16, 18, 26, 30, 32, Dkt. No. 1); she did not consent to receive the calls (*id*. ¶¶ 33-34); the calls were placed through an ATDS (*id*. ¶¶ 20, 28);[3] at least one of the calls consisted of a prerecorded message (*id*. ¶¶ 18, 22); and the caller ID information for the calls was "spoofed" to appear to come from a local exchange (*id*. ¶ 68). As with the issue of Smith's telephone number, Royal Bahamas should know if it ever employed an ATDS and if it made marketing calls utilizing an ATDS during the time period alleged—if it did not, it can simply deny the allegations. If there are any issues regarding whether it made calls specifically to a phone number belonging to Smith

---

[2] Contrary to Royal Bahamas's assertions, Smith's Complaint does specify the provisions of the TCPA that Royal Bahamas allegedly violated. (*See* Compl. ¶¶ 55, 61, Dkt. No. 1.)

[3] Although Royal Bahamas complains that Smith "does not specify what, if any, definition of ATDS (and/or autodialer) she is using" (Def. Mot. at 4, Dkt. No. 16), Smith does provide this information in her Complaint. (*See* Compl. ¶¶ 66-67, Dkt. No. 1 (citing definition of autodialer or autodialer system set forth in 815 ILCS 305/5/(a)).)

during that time, those can be addressed through discovery. *Id*. But, at this early stage of the litigation, Smith allegations are enough to state a claim under each of the statutes.

## CONCLUSION

For the foregoing reasons, Royal Bahamas's motion to dismiss (Dkt. No. 16) is denied.

ENTERED:

Dated: January 20, 2016

_____
Andrea R. Wood
United States District Judge